IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALTERIK ROGERS,**

        **Plaintiff,**

    **vs.**                                         Civil Action 2:15-cv-1877
                                                            Judge Sargus
                                                             Magistrate Judge King

**THE STATE OF OHIO,** *et al.***,**

        **Defendants.**

**REPORT AND RECOMMENDATION ON INITIAL SCREEN OF THE *COMPLAINT***

    Plaintiff, a state prisoner proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 alleging that he suffered injury during the course of a motor vehicle accident caused by defendant Steubenville Police Officer Sean Scott and was thereafter denied medical care by personnel at the Jefferson County Jail. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

    The State of Ohio, a named defendant, is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). Moreover, a state is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989).

It is therefore **RECOMMENDED** that the State of Ohio be dismissed as a defendant in this action.

If plaintiff submits summonses for the remaining defendants, the United States Marshals Service will effect service of process on the defendants, who shall have forty-five (45) days after service of process to respond to the *Complaint.*

Plaintiff is **ADVISED** that the claims against any defendant not served with process within 120 days may be dismissed. *See* Fed. R. Civ. P. 4(m).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the

district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                            s/Norah McCann King
                                            Norah M<sup>c</sup>Cann King
May 13, 2015                        United States Magistrate Judge