**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ALTERIK ROGERS,**

        **Plaintiff,**

  vs.                                              Civil Action 2:15-cv-1877
                                                             Chief Judge Sargus
                                                              Magistrate Judge King

**THE STATE OF OHIO,** *et al.***,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

    This matter is before the Court on the *Motion to Dismiss Filed on Behalf of Defendant Jefferson County Sheriff's Medical Department*, ECF No. 12 ("*County Medical Department's Motion*") and *Plaintiff's Motion for "Judgment on the Pleadings" Against "Defendant Jefferson County Sheriff's Medical Dept." Pursuant to {Fed.Civ.R.12(C)}*, ECF No. 25 ("*Plaintiff's Motion*").  For the reasons that follow, it is **RECOMMENDED** that the *County Medical Department's Motion* be **GRANTED** and that *Plaintiff's Motion* be **DENIED**.

**I.   Factual Allegations and Procedural Background**

    Plaintiff, a state inmate proceeding without the assistance of counsel, alleges that he was in the custody of the Jefferson County Jail, Steubenville, Ohio on January 14, 2014.  *Complaint*, ECF No. 3, PAGEID#:30.[1]  According to plaintiff, he was handcuffed and not wearing a seat belt while riding in the back of the patrol car operated by

---

[1] The *Complaint* is verified.  *Id*. at PAGEID#:32.

1

defendant police officer Sean Scott. *Id*. According to plaintiff, defendant Scott, who was transporting plaintiff from a court appearance, was driving erratically and at high speeds. *Id*. As he approached the Jefferson County Jail's garage, defendant Scott allegedly accelerated and crashed into the back of a parked bus inside the garage ("the incident"). *Id*. Despite his requests, plaintiff was not taken to a hospital. *Id*. After he returned to his cell in the Jefferson County Jail, plaintiff complained of injuries and again asked to be taken "to medical." *Id*. Plaintiff was "escorted to medical to see a Nurse (Name Unknown), she stated 'there is nothing we can do for you, I agree with the officer's [sic] your bond is to [sic] high to escort you to the hospital.'" *Id*. According to plaintiff, he still suffers from injuries caused by the incident. *Id*. at PAGEID#:30-31.

Plaintiff filed this action under 42 U.S.C. § 1983 on May 13, 2015. He alleges that he suffered injury during the course of the incident and was thereafter denied medical care by personnel at the Jefferson County Jail. *See generally Complaint*. Plaintiff names as a defendant, *inter alios*, the Jefferson County Sheriff's Medical Department ("the County Medical Department"). *See id.; Order*, ECF No. 2 (granting leave to proceed *in forma pauperis*); *Report and Recommendation on Initial Screen of the Complaint*, ECF No. 4 (recommending that the State of Ohio be dismissed from the action); *Order*, ECF No. 8 (adopting and affirming report and recommendation). Plaintiff seeks, *inter alia*, monetary damages from the County Medical

2

Department "for pain and suffering and mental anguish do [sic] to the neglect and disregard to my personal safety and denial of medical treatment with deliberate indifference." *Id*. at PAGEID#:31.

The County Medical Department now moves to dismiss the claims against it. *See County Medical Department's Motion*. When plaintiff failed to respond to this motion, the Court extended the deadline for response to August 14, 2015. *Order*, ECF No. 18. Again no response was filed. The County Medical Department then filed a reply in support of its motion, pointing out that, although plaintiff has submitted numerous filings, he has never responded to the *County Medical Department's Motion*. ECF No. 30 ("*County Medical Department's Reply*"). Instead, plaintiff filed *Plaintiff's Motion*, which the County Medical Department opposes. *See* ECF No. 32 ("*County Medical Department's Opposition*"). Plaintiff has not filed a reply in support of *Plaintiff's Motion*.

**II. Standard**

The County Medical Department moves to dismiss plaintiff's claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;[2] plaintiff seeks judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure on his claims against the County Medical Department. A motion for judgment on the pleadings

---

[2] The County Medical Department attaches certain exhibits to its motion for the Court's consideration, contending that the Court may consider this evidence without converting its motion to dismiss into a motion for summary judgment. *County Medical Department's Motion*, p. 2 n.1; Exhibits A, B, C, D, attached thereto. However, the Court concludes that it can resolve the *County Medical Department's Motion* without reference to the attached exhibits.

under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511–12 (6th Cir. 2001). *See also Gascho v. Glob. Fitness Holdings, LLC*, 918 F. Supp.2d 708, 716 (S.D. Ohio 2013) ("It is well-settled that the standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6)."). A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Therefore, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

**III. Discussion**

"[U]nder Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983." *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (citing, *inter alia*, *Batchik v. Summit County Sheriff's Dep't*, No. 13783, 1989 WL 26084, at *1 (Ohio Ct. App. Mar. 15, 1989)). *See also Rhodes v.*

*McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]") (internal citations omitted); *Barrett v. Wallace*, 107 F. Supp.2d 949, 954 (S.D. Ohio 2000) ("[T]he Sheriff's Office is not a proper legal entity, and, therefore, is not subject to suit or liability under 42 U.S.C. § 1983.").  Because a county sheriff's office is not capable of being sued, it follows that a particular department of a sheriff's office, namely, the "Jefferson County Sheriff's Medical Department," likewise lacks the capacity to be sued.  *Cf*. *Francis v. Ohio Dep't of Rehab. & Correction*, No. 1:13 CV 986, 2013 WL 5406798, at *1-4 (N.D. Ohio Sept. 25, 2013) (concluding that a correctional facility's medical department is not a proper defendant because it is a subunit of the correctional facility, owned and operated by the Ohio Department of Rehabilitation and Correction).  Accordingly, plaintiff's claims against the defendant County Medical Department must fail.

   **WHEREUPON**, it is **RECOMMENDED** that the *Motion to Dismiss Filed on Behalf of Defendant Jefferson County Sheriff's Medical Department*, ECF No. 12, be **GRANTED** and that *Plaintiff's Motion for "Judgment on the Pleadings" Against "Defendant Jefferson County Sheriff's Medical Dept." Pursuant to {Fed.Civ.R.12(C)}*, ECF No. 25, be **DENIED**.

   If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

|  |  |
|---|---|
|  | *s/Norah McCann King* |
|  | Norah M<sup>c</sup>Cann King |
| December 21, 2015 | United States Magistrate Judge |