IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALTERIK ROGERS,**

        **Plaintiff,**

  vs.                                  **Civil Action 2:15-cv-1877**
                                              **Chief Judge Sargus**
                                              **Magistrate Judge King**

**THE STATE OF OHIO,** *et al.*,

        **Defendants.**

REPORT AND RECOMMENDATION

This matter is before the Court on the *Defendant City of Steubenville's Motion for Judgment on the Pleadings*, ECF No. 13 ("*City's Motion*") and *Plaintiff's Motion for "Judgment on the Pleadings" Against "Defendant City of Steubenville, Ohio" Pursuant to {Fed.Civ.R.12(C)}*, ECF No. 27 ("*Plaintiff's Motion*"). For the reasons that follow, it is **RECOMMENDED** that the motions be **DENIED without prejudice to renewal**.

I.    Factual Allegations and Procedural Background

Plaintiff, a state inmate proceeding without the assistance of counsel, alleges that he was in the custody of the Jefferson County Jail, Steubenville, Ohio on January 14, 2014. *Complaint*, ECF No. 3, PAGEID#:30.[1] According to plaintiff, he was handcuffed and not wearing a seat belt while riding in the back of a patrol car operated by defendant police officer Sean Scott. *Id*. Plaintiff alleges that

---

[1] The *Complaint* is verified. *Id*. at PAGEID#:32.

1

defendant Scott, who was transporting plaintiff from a court appearance was driving erratically and at high speeds. *Id*. As he approached the Jefferson County Jail's garage, defendant Scott allegedly accelerated and crashed into the back of a parked bus inside the garage ("the incident"). *Id*. Despite his requests, plaintiff was not taken to a hospital. *Id*. After he returned to his cell in the Jefferson County Jail, plaintiff complained of injuries and again asked to be taken "to medical." *Id*. Plaintiff was "escorted to medical to see a Nurse (Name Unknown), she stated 'there is nothing we can do for you, I agree with the officer's [sic] your bond is to [sic] high to escort you to the hospital.'" *Id*. According to plaintiff, he still suffers from injuries arising from the incident. *Id*. at PAGEID#:30-31.

Plaintiff filed this action under 42 U.S.C. § 1983 on May 13, 2015. He alleges that he suffered injury during the course of the incident and was thereafter denied medical care by personnel at the Jefferson County Jail. *See generally Complaint*. Plaintiff names as a defendant, *inter alios*, the City of Steubenville, Ohio ("the City"). *See id.*; *Order*, ECF No. 2 (granting leave to proceed *in forma pauperis*); *Report and Recommendation on Initial Screen of the Complaint*, ECF No. 4 (recommending that the State of Ohio be dismissed from the action); *Order*, ECF No. 8 (adopting and affirming report and recommendation). Plaintiff seeks, *inter alia*, monetary damages from the City "for pain and suffering and mental anguish do [sic] to the neglect and disregard to my personal safety, and denial of medical

treatment with deliberate indifference." *Id*. at PAGEID#:31.

The City now moves to dismiss the claims against it. *See City's Motion*. To the extent that it can be construed as a response to the *City's Motion*, the Court will consider plaintiff's filing dated August 10, 2015. ECF No. 16 ("*Plaintiff's First Response*"). *See also Order*, ECF No. 17 (striking ECF No. 16 to the extent that it is a response to the City's answer to the *Complaint*, but accepting that filing to the extent that it responds to the *City's Motion*). Shortly thereafter, plaintiff filed another response to the *City's Motion*. *Plaintiff's response to and or Motion to Dismiss Defendant City of Steubenville Ohio's Motion for Judgment on the Pleadings*, ECF No. 20 ("*Plaintiff's Second Response*"). The City has filed a reply. *Defendant City of Steubenville's Reply in Support of Its Motion for Judgment on the Pleadings*, ECF No. 22 ("*City's Reply*").

Thereafter, *Plaintiff's Motion* was filed, which the City opposes. ECF No. 31 ("*City's Response*"). Plaintiff has not filed a reply in support of *Plaintiff's Motion*.

**II.  Standard**

The City and plaintiff both move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511–12 (6th Cir. 2001). *See also Gascho v. Glob. Fitness Holdings, LLC*, 918 F. Supp.2d 708, 716 (S.D. Ohio 2013)

3

("It is well-settled that the standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6)."). A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46(1957)). Although a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly,* 550 U.S. at 555; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly,* 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

4

The Court also notes that plaintiff is proceeding in this case without the assistance of counsel. Generally, pleadings by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, courts should not interpret procedural rules "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither this Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits.").

### III. Discussion

Plaintiff asserts claims against the City, purportedly under a theory of municipal liability. A governmental entity cannot be held liable under § 1983 on the theory of *respondeat superior* simply because its employees allegedly engaged in unconstitutional conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff seeking to prevail in a § 1983 suit against a governmental entity must first prove that a constitutional violation actually occurred, and then prove that a policy or custom of the governmental entity was the "moving force" behind the alleged constitutional violation. *Id*. at 694. Such a policy or custom may consist of: "(1) the [governmental entity's] legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of or acquiescence of federal rights

5

violations." *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005). Under *Monell*, a custom is defined as a practice "so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691 (internal quotation marks and citation omitted). "In turn, the notion of 'law' must include deeply embedded traditional ways of carrying out [governmental] policy." *Cash v. Hamilton County Dep't of Adult Prob*., 388 F.3d 539, 543 (6th Cir.2004)(internal quotation marks omitted). "It must reflect a course of action deliberately chosen from among various alternatives. In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id*. A "plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference." *Thomas*, 398 F.3d at 433.

In the case presently before the Court, the *Complaint* does not allege the existence of an improper policy or custom. *See generally Complaint*. However, in opposing the *City's Motion*, plaintiff argues, *inter alia*, that "Officer Scott did not use seatbelts because it has been a long standing custom not to secure detainees or other[s] by using seatbelts in the cruisers." *Plaintiff's Second Response*, p. 3. Plaintiff also argues that the defendant City has a custom "not to have passengers in an accident evaluated by a medical professional for possible injuries[.]" *Id*. at 6. The City, *inter alia*, characterizes these allegations as new and contends that, to the extent the Court is inclined to consider them, the Court should order plaintiff to file an amended complaint that clarifies his allegations. *City's Reply*, p. 3.

6

The City's argument in this regard is well-taken.  The Court will grant plaintiff leave to file an amended complaint to clarify his allegations against the City.

**WHEREUPON**, it is **RECOMMENDED** that the *Defendant City of Steubenville's Motion for Judgment on the Pleadings*, ECF No. 13, and *Plaintiff's Motion for "Judgment on the Pleadings" Against "Defendant City of Steubenville, Ohio" Pursuant to {Fed.Civ.R.12(C)}*, ECF No. 27, be **DENIED without prejudice to renewal**.  If plaintiff wishes to amend his *Complaint* to assert specific factual allegations in support of his claim of municipal liability against the City, he must do so no later than January 11, 2016.  Plaintiff is **REMINDED** that his factual allegations must be more than conclusory statements.  *See*, *e.g.*, *Twombly,* 550 U.S. at 555; *Iqbal,* 556 at 678.  Plaintiff is **FURTHER REMINDED** that the new amended complaint, if any, must be comprehensive, *i.e.*, it must contain all claims against all defendants against whom he wishes to assert claims.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to

7

the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                            *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
December 21, 2015                 United States Magistrate Judge