```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**ALTERIK ROGERS,**

        Plaintiff,

  vs.                                  **Civil Action 2:15-cv-1877**
                                          **Chief Judge Sargus**
                                          **Magistrate Judge King**

**THE STATE OF OHIO,** *et al.*,

        Defendants.


### REPORT AND RECOMMENDATION

This matter is before the Court on *Plaintiff's Motion for "Judgment on the Pleadings" Against "Defendant Sheriff Fred Abdalla" Pursuant to {Fed.Civ.R.12(C)}*, ECF No. 24 ("*Plaintiff's Motion*"). For the reasons that follow, it is **RECOMMENDED** that *Plaintiff's Motion* be **DENIED**.

I.    Factual Allegations and Procedural Background

    Plaintiff, a state inmate proceeding without the assistance of counsel, alleges that he was in the custody of the Jefferson County Jail, Steubenville, Ohio on January 14, 2014. *Complaint*, ECF No. 3, PAGEID#:30.[1] Plaintiff alleges that he was handcuffed and not wearing a seat belt while riding in the back of the patrol car operated by defendant police officer Sean Scott. *Id*. According to plaintiff, defendant Scott, who was transporting plaintiff from a court appearance, was driving erratically and at high speeds. *Id*. As he

---
[1] The *Complaint* is verified. *Id*. at PAGEID#:32.

approached the Jefferson County Jail's garage, defendant Scott allegedly accelerated and crashed into the back of a parked bus inside the garage ("the incident"). *Id*. Despite his requests, plaintiff was not taken to a hospital. *Id*. After he returned to his cell in the Jefferson County Jail, plaintiff complained of injuries and again asked to be taken "to medical." *Id*. Plaintiff was "escorted to medical to see a Nurse (Name Unknown), [who] stated 'there is nothing we can do for you, I agree with the officer's [sic] your bond is to [sic] high to escort you to the hospital.'" *Id*. According to plaintiff, he still suffers from injuries caused by the incident. *Id*. at PAGEID#:30-31.

Plaintiff filed this action under 42 U.S.C. § 1983 on May 13, 2015. He alleges that he suffered injury during the course of the incident and was thereafter denied medical care by personnel at the Jefferson County Jail. *See generally Complaint*. Plaintiff names as a defendant, *inter alios*, Jefferson County Sheriff Fred Abdalla in his "Official/or Individual Capacity." *See id.; Order*, ECF No. 2 (granting leave to proceed *in forma pauperis*); *Report and Recommendation on Initial Screen of the Complaint*, ECF No. 4 (recommending that the State of Ohio be dismissed from the action); *Order*, ECF No. 8 (adopting and affirming report and recommendation). Plaintiff seeks, *inter alia*, monetary damages from defendant Abdalla "for pain and suffering and mental anguish do [sic] to the neglect and disregard to my personal safety, and denial of medical treatment with deliberate indifference." *Id*. at PAGEID#:31. Defendant Abdalla has

2

responded to the *Complaint*, raising several defenses. ECF No. 11, pp. 1-3 ("*Answer*").

Plaintiff now moves for judgment on the pleadings, *see Plaintiff's Motion*, which defendant Abdalla opposes. ECF No. 32 ("*Opposition*"). Plaintiff has not filed a reply in support of *Plaintiff's Motion*.

**II. Standard**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511–12 (6th Cir. 2001). *See also Gascho v. Glob. Fitness Holdings, LLC*, 918 F. Supp.2d 708, 716 (S.D. Ohio 2013) ("It is well-settled that the standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6)."). A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46(1957)). Although a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly,* 550 U.S. at 555; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must

3

determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly,* 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court also notes that plaintiff is proceeding in this case without the assistance of counsel. Generally, pleadings by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, courts should not interpret procedural rules "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither this Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits.").

**III. Discussion**

Plaintiff apparently sues defendant Abdalla in both his

4

individual and official capacity. *Complaint*, PAGEID#27, 31. A claim brought against a government employee in his individual capacity seeks to hold the employee personally liable for actions taken under color of state law. *Kentucky v. Graham*, 473 U.S. 159 (1985). However, a claim brought against a government employee in his or her official capacity is the equivalent of a claim brought against the governmental entity itself. *Id*. at 165 66. The Court will first turn to the individual capacity claim.

### A. Individual Capacity

"Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (quoting *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) (internal quotation marks omitted)). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id*. (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (internal quotation marks omitted)). Thus, liability on the part of a supervisor must be based on "active unconstitutional behavior." *Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002) (citing *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999)).

In the case presently before the Court, plaintiff does not allege that defendant Abdalla actually participated in the events complained of in the *Complaint*. Instead, the totality of plaintiff's allegations

5

against defendant Abdalla constitutes a request for damages:

> I want to receive $75, 000 (Seventy-five thousand US dollars from Defendant: **Jefferson County Sheriff Fred Abdalla (In his Official/or Individual Capacity)** for pain and suffering and mental anguish do [sic] to the neglect and disregard to my personal safety, and denial of medical treatment with deliberate indifference.

*Complaint*, PAGEID#:31. This allegation is insufficient to establish the active unconstitutional behavior necessary to establish the liability of a supervisor. *See Combs*, 315 F.3d at 554.

In moving for judgment on the pleadings, plaintiff also argues that defendant Abdalla was "responsible for the Medical care of the inmates held in his jail" and that "[t]he medical staff at the Jefferson County jail, under the authority of Sheriff Fred Abdalla, deliberately refused Plaintiff treatment[.]" *Plaintiff's Motion*, PAGEID#:204, 213. *See also id*. at PAGEID#:207 ("The Medical Staff at the Jefferson County Jail under the authority of Sheriff Fred Abdalla acted immature and unprofessional."). Plaintiff's assertions in this regard are deficient for at least two reasons. First, plaintiff did not raise these allegations in the *Complaint*. Although the Court provided an opportunity to amend the *Complaint*, *see Report and Recommendation*, ECF No. 35, p. 7, and, upon plaintiff's request, *see Motion*, ECF No. 37, extended the deadline until February 15, 2016, for filing a new amended complaint, *Order*, ECF No. 37, plaintiff nevertheless chose not to amend the *Complaint*. In short, at this stage of the proceedings, the Court is limited to consideration of the allegations in the currently operative complaint. *See*, *e.g.*, *Twombly,* 550 U.S. at 570; *Iqbal,* 556 U.S. at 678.

6

However, even if the Court were to consider the substance of plaintiff's assertions, they are nevertheless deficient. As discussed *supra*, liability on the part of a supervisor must be based on "active unconstitutional behavior." *Combs*, 315 F.3d at 554. Plaintiff's assertions, which simply contend that defendant Abdalla was responsible for unidentified "medical staff" at Jefferson County Jail, is insufficient to establish the required active unconstitutional behavior or that this defendant otherwise authorized, approved, knowingly acquiesced in or encouraged constitutional violations. *Id.*; *Grinter*, 532 F.3d at 575. Moreover, this Court has already dismissed the Jefferson County Sheriff's Medical Department from this action. *Order*, ECF No. 38. For all these reasons, as it relates to the claims against defendant Abdulla in his individual capacity, *Plaintiff's Motion* is not well-taken.

B.   **Official Capacity**

Plaintiff has also sued defendant Abdulla in his official capacity. As noted earlier, a claim brought against a government employee in his or her official capacity is the equivalent of a claim brought against the governmental entity itself, in this case, Jefferson County. A governmental entity cannot be held liable under § 1983 on a *respondeat superior* theory simply because its employees engaged in unconstitutional conduct. *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978). Rather, a plaintiff seeking to prevail in a § 1983 suit against a governmental entity must first prove, of course, that a constitutional violation actually occurred,

7

and then prove that a policy or custom of the governmental entity was the "moving force" behind the alleged constitutional violation. *Id*. at 694. Such a policy or custom may consist of: "(1) the [governmental entity's] legislative enactments or official agency policies; (2) actions taken by officials with final decision making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of or acquiescence in federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Under *Monell*, a custom is defined as a practice "so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691 (internal quotation marks and citation omitted). "In turn, the notion of 'law' must include deeply embedded traditional ways of carrying out [governmental] policy." *Cash v. Hamilton County Dep't of Adult Prob.*, 388 F.3d 539, 543 (6th Cir.2004)(internal quotation marks omitted). "It must reflect a course of action deliberately chosen from among various alternatives. In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id*. A "plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference." *Thomas*, 398 F.3d at 433.

In the case presently before the Court, plaintiff does not allege the existence of an improper policy or custom. *See generally Complaint*. Moreover, although plaintiff was provided with the opportunity to amend the *Complaint* to assert such allegations, *see Report and Recommendation*, ECF No. 35, p. 7; *Order*, ECF No. 37, he has

8

not filed an amended complaint. Accordingly, as it relates to his claims against defendant Abdulla in his official capacity, *Plaintiff's Motion* is not well-taken.

**WHEREUPON**, it is **RECOMMENDED** that *Plaintiff's Motion for "Judgment on the Pleadings" Against "Defendant Sheriff Fred Abdalla" Pursuant to {Fed.Civ.R.12(C)}*, ECF No. 24, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                    *s/Norah McCann King*
                                                             Norah M<sup>c</sup>Cann King
February 29, 2016                  United States Magistrate Judge