**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ALTERIK ROGERS,**

        **Plaintiff,**

  vs.                                        **Civil Action 2:15-cv-1877
Chief Judge Sargus
Magistrate Judge King**

**THE STATE OF OHIO,** *et al.***,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

This matter is before the Court on *Plaintiff's Motion for "Judgment on the Pleadings" Against "Defendant Seam (Shawn) Scott" Pursuant to {Fed.Civ.R.12(C)}*, ECF No. 26 ("*Plaintiff's Motion*"). For the reasons that follow, it is **RECOMMENDED** that *Plaintiff's Motion* be **DENIED**.

I.    Factual Allegations and Procedural Background

Plaintiff, a state inmate proceeding without the assistance of counsel, alleges that he was in the custody of the Jefferson County Jail, Steubenville, Ohio on January 14, 2014. *Complaint*, ECF No. 3, PAGEID#:30.[1] Plaintiff alleges that he was handcuffed and not wearing a seat belt while riding in the back of the patrol car operated by defendant police officer Sean Scott. *Id*. According to plaintiff, defendant Scott, who was transporting plaintiff from a court appearance, was driving erratically and at high speeds. *Id*. As he

---

[1] The *Complaint* is verified. *Id.* at PAGEID#:32.

approached the Jefferson County Jail's garage, defendant Scott allegedly accelerated and crashed into the back of a parked bus inside the garage ("the incident"). *Id*. Despite his requests, plaintiff was not taken to a hospital. *Id*. After he returned to his cell in the Jefferson County Jail, plaintiff complained of injuries and again asked to be taken "to medical." *Id*. Plaintiff was "escorted to medical to see a Nurse (Name Unknown), she stated 'there is nothing we can do for you, I agree with the officer's [sic] your bond is to [sic] high to escort you to the hospital.'" *Id*. According to plaintiff, he still suffers from injuries caused by the incident. *Id*. at PAGEID#:30-31.

Plaintiff filed this action under 42 U.S.C. § 1983 on May 13, 2015. He alleges that he suffered injury during the course of the incident and was thereafter denied medical care by personnel at the Jefferson County Jail. *See generally Complaint*. Plaintiff names as a defendant, *inter alios*, defendant Scott in his "Official/or Individual Capacity." *See id.*; *Order*, ECF No. 2 (granting leave to proceed *in forma pauperis*); *Report and Recommendation on Initial Screen of the Complaint*, ECF No. 4 (recommending that the State of Ohio be dismissed from the action); *Order*, ECF No. 8 (adopting and affirming report and recommendation). Plaintiff seeks, *inter alia*, monetary damages from defendant Scott "for pain and suffering and mental anguish do [sic] to the neglect and disregard to my personal safety, and denial of medical treatment with deliberate indifference." *Complaint*, PAGEID#:31. Defendant Scott has responded to the *Complaint*, raising several

defenses. ECF No. 10, p. 3 ("*Answer*").

Plaintiff now moves for judgment on the pleadings, *see Plaintiff's Motion*, which defendant Scott opposes. ECF No. 31 ("*Opposition*"). Plaintiff has not filed a reply in support of *Plaintiff's Motion*.

**II. Standard**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001). *See also Gascho v. Glob. Fitness Holdings, LLC*, 918 F. Supp.2d 708, 716 (S.D. Ohio 2013). "'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). When a "plaintiff moves for judgment on the pleadings, the motion should be granted if, 'on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law.'" *Lowden v. Cty. of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010) (quoting *United States v. Blumenthal*, 315 F.2d 351, 352 (3d Cir. 1963)).

The Court also notes that plaintiff is proceeding in this case without the assistance of counsel. Generally, pleadings by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, courts should not interpret procedural rules "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither this Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits.").

**III. Discussion**

Plaintiff sues defendant Scott in both his individual and official capacities. *Complaint*, PAGEID#27, 31. A claim brought against a government employee in his individual capacity seeks to hold the employee personally liable for actions taken under color of state law. *Kentucky v. Graham*, 473 U.S. 159 (1985). However, a claim brought against a government employee in his or her official capacity is the equivalent of a claim brought against the governmental entity itself. *Id*. at 165 66. The Court will first turn to the individual capacity claim.

    **A.   Individual Capacity**

Plaintiff alleges that he was handcuffed and not wearing a seat belt while riding in the back of the patrol car operated by defendant Scott. PAGEID#:30. According to plaintiff, defendant Scott, who was transporting plaintiff from a court appearance, was driving

erratically and at high speeds.  *Id*.  As he approached the Jefferson County Jail's garage, defendant Scott allegedly accelerated and crashed into the back of a parked bus inside the garage.  According to plaintiff, defendant Scott never took him to a hospital despite plaintiff's requests to do so.  *Id*.  Plaintiff goes on to allege that he suffered injuries arising from the incident.  *Id*. at PAGEID#30-31.

Defendant Scott admits that he transported plaintiff from a court appearance and that plaintiff was handcuffed in the backseat of a cruiser without wearing a seatbelt.  *Answer*, ¶ 2.  He also admits that "there was a very small impact between his vehicle" and another vehicle already in the sally port.  *Id*.  However, defendant Scott specifically denies that he was driving erratically or at high speeds.  *Id*.  Defendant Scott also maintains that the impact "caused no damage to either vehicle nor did it cause any injury to Defendant or Plaintiff."  *Id*.  Defendant Scott further denies that plaintiff complained of injury or asked to be taken to the hospital.  *Id*.  *See also id*. at ¶ 4 (denying, *inter alia*, averments that plaintiff requested medical care after the incident).  In short, defendant Scott disputes the allegations contained in the *Complaint*, offering his own version of the events.  Taking defendant Scott's allegations as true, the Court cannot say that plaintiff is entitled to judgment on the pleadings based on the present record.  *See*, *e.g.*, *Fritz*, 592 F.3d at 722; *Lowden*, 709 F. Supp. 2d at 546.

Accordingly, as it relates to the claims against defendant Scott in his individual capacity, *Plaintiff's Motion* is not well-taken.

**B.     Official Capacity**

Plaintiff also sues defendant Scott in his official capacity.  As noted earlier, a claim brought against a government employee in his or her official capacity is the equivalent of a claim brought against the governmental entity itself, in this case Jefferson County.  A governmental entity cannot be held liable under § 1983 on a *respondeat superior* theory simply because its employees engaged in unconstitutional conduct.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978).  Rather, a plaintiff seeking to prevail in a § 1983 suit against a governmental entity must first prove, of course, that a constitutional violation actually occurred, and then prove that a policy or custom of the governmental entity was the "moving force" behind the alleged constitutional violation.  *Id*. at 694.  Such a policy or custom may consist of: "(1) the [governmental entity's] legislative enactments or official agency policies; (2) actions taken by officials with final decision making authority; (3) a policy of inadequate training or supervision*;* or (4) a custom of tolerance of or acquiescence of federal rights violations."  *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  Under *Monell*, a custom is defined as a practice "so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691 (internal quotation marks and citation omitted).  "In turn, the notion of 'law' must include deeply embedded traditional ways of carrying out [governmental] policy."  *Cash v. Hamilton County Dep't of Adult Prob.*, 388 F.3d 539, 543 (6th Cir.2004)(internal quotation marks

omitted). "It must reflect a course of action deliberately chosen from among various alternatives. In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id*. A "plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference." *Thomas*, 398 F.3d at 433.

In the case presently before the Court, plaintiff does not allege the existence of an improper county policy or custom. *See generally Complaint*. Moreover, although plaintiff had the opportunity to amend the *Complaint* in order to assert such allegations, *see Report and Recommendation*, ECF No. 35, p. 7; *Order*, ECF No. 37, he has not filed an amended complaint. Accordingly, as it relates to his claims against defendant Scott in his official capacity, *Plaintiff's Motion* is not well-taken.

**WHEREUPON**, it is **RECOMMENDED** that *Plaintiff's Motion for "Judgment on the Pleadings" Against "Defendant Sean (Shawn) Scott" Pursuant to {Fed.Civ.R.12(C)}*, ECF No. 26, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King
March 1, 2016                  United States Magistrate Judge